UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-305-H

TRUCK AMERICA TRAINING, LLC, *et al.*                                *PLAINTIFFS*

V.

CITY OF HILLVIEW, *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Truck America Training, LLC ("Truck America") and its owners Deborah and James Carter ("the Carters"), brought this action primarily under 42 U.S.C. § 1983 alleging that Defendants, the City of Hillview ("Hillview") and various officials of the city, violated their constitutional rights by depriving them of their real property without due process of law. The Court denied Plaintiffs' motion for a preliminary injunction on June 23, 2008 (DN # 20) and the case sat on the Court's docket until August 17, 2009, without any further proceedings. On that date, Defendants filed the presently pending motion to dismiss arguing that the Court has dispensed with the only federal relief available to Plaintiffs and/or Plaintiffs' delay in prosecuting the case warrants dismissal.

**I.**

Plaintiffs are in the business of training students on driving heavy construction equipment and tractor-trailers. To do this, Plaintiffs require a large, unoccupied parcel of land. Beginning in January of 2002, the Carters leased a forty acre plot from Hillview under a lease purchase agreement. According to the terms of the agreement, the Carters paid rent in the amount of $3,500 per month to be applied toward the purchase of the property. However, the property was

not then owned by Hillview. Rather, Hillview leased the property from a third party. Therefore, Plaintiffs' purchase of the property under the lease purchase agreement was contingent upon Hillview being able to purchase the property from the third party.

Hillview successfully purchased the property from the third party in the fall of 2004. When Plaintiffs demanded that the sale of the property be completed under the terms of the agreement, however, Hillview refused. Subsequently, Plaintiffs filed suit in Bullitt Circuit Court demanding specific performance of the lease purchase agreement. That court granted summary judgment in favor of Hillview on an unknown basis. Plaintiffs appealed to the Kentucky Court of Appeals and that court reversed, holding that the lease purchase agreement was an enforceable agreement and Truck America could enforce the agreement as a third party beneficiary.

On remand to the Circuit Court, Plaintiffs moved to recuse the Circuit Judge. While that motion was pending and without any court order, Hillview, through its police department and at the order of its city attorney and mayor, cited Plaintiffs with criminal trespass for being on the disputed property. In essence, Plaintiffs argue that these citations and Hillview's further actions evicted them from property they were entitled to occupy under the lease purchase agreement. This, according to Plaintiffs, was an unconstitutional deprivation of their property without due process of law.

Within weeks, Plaintiffs brought this action. Primarily, Plaintiffs allege that Defendants' conduct violated their constitutional rights. In addition to that § 1983 claim, Plaintiffs' complaint states causes of action for trespass, abuse of process, tortious interference with existing contracts and breach of contracts. Defendants now move to dismiss the complaint in its entirety.

**II.**

Defendants seem to argue that the § 1983 claim was resolved by this Court during the hearing on Plaintiffs' motion for a preliminary injunction. During that hearing, the Court found that injunctive relief under § 1983 was not appropriate so long as Defendants agreed to withdraw the criminal citations for trespass, which they did. Because the citations were dismissed, the Court denied the preliminary injunction. According to Defendants, this means that the § 1983 claim is now resolved and the only remaining claims are state law claims between non-diverse parties. Therefore, Defendants argue that the Court should dismiss all of Plaintiffs' claims because they should properly be before the state courts, not this Court.

If Defendants are correct that the § 1983 claim is resolved, then the remaining state law claims could well be dismissed without prejudice. However, it is entirely unclear whether the § 1983 claim has been resolved in its entirety. It appears that Plaintiffs are requesting monetary damages based on the actions of Defendants. During the preliminary injunction hearing, the Court specifically instructed that § 1983 damages could be available and that the Court's opinion would only address the injunctive relief requested by Plaintiffs. To the extent Defendants argue that the Court's ruling on injunctive relief (DN # 20) decided all of the § 1983 claim, Defendants have misunderstood the Court's ruling.

Further, to the extent Defendants' argue that this Court should dismiss the § 1983 claim because state courts have concurrent jurisdiction over those types of claims, their argument is legally unsound. While it is certainly true that state courts can hear § 1983 claims, that does not mean that Plaintiffs were required to bring their action in state court. This Court can certainly provide relief under § 1983. The actions alleged to have been unconstitutional in this case, while

related to the actions underlying the claims pending in Bullitt County Circuit Court, are different from those actions. Thus, Plaintiffs were free to bring their claims for § 1983 relief in this Court.

Finally, the lack of further proceedings in this case appears to be a natural consequence of the pending litigation in state court. Before this Court can determine the validity of the § 1983 claim, it appears that certain factual issues involving the rights of the parties to the land must be decided by the state courts. Once those decisions are made, it will be appropriate for these proceedings to progress. Until that time, it appears that these proceedings are properly delayed.

If Defendants have additional legal arguments for why the § 1983 damages claim, or any other claims, should be dismissed, the Court welcomes additional motions on the matter. However, without some legal justification, the Court cannot dismiss Plaintiffs' claims.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED. The Court will set a conference in the near future.

cc: Counsel of Record